ODORLESS EXCAVATING CO. *v.* LAUMAN.*

*(Circuit Court, E. D. Louisiana. May, 1882.)*

PATENTS—INJUNCTION.

 Where the validity of a patent has been affirmed by a decree of a federal court it will be taken as conceded, and, upon an application for an injunction, the only question will be as to the infringement.

BILLINGS, D. J. This case is submitted on an application for an injunction to prevent infringement. Complainant is the owner by assignment of two patents—the Strauss patent, issued to Louis Strauss, January 28, 1868; and the Painter patent, issued to William Painter on the fifth day of August, 1873. The Strauss patent was for "an

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

improvement in apparatus for cleaning privies," and consists in the combination of a reservoir or receiving tank, a deodorizer whereby the fetid air is passed over burning charcoal or a gas-burning stove, and a forcing pump, together with an apparatus for emptying privy vaults. The invention set forth in the Painter patent is for "an improvement in pump valves," to be used in "combination with a flap valve, the stiffeners or braces being arranged to prevent collapsing." Complainant shows that the validity of these two patents under which it claims has been confirmed by a decree of the United States circuit court for the fourth circuit and district of Maryland, in the case of this complainant and Burton A. McCauley. The only question, therefore, is that as to infringement. The evidence upon the point of infringement is a description of defendant's method by August Guerin and the opinion of Joseph Jouet. This testimony is very explicit, and, if the facts stated by Guerin and the opinions and deductions of Jouet are correct, show an infringement of both patents. To meet this evidence the defendant introduced the affidavits of Michael Kern and Peter Frisht, which substantially deny any infringement. The affidavit is a joint one, and is largely in the nature of an opinion, and while its language shows scientific discrimination, it is not stated or shown that the affiants are experts.

I think, therefore, the injunction should issue, with leave to the defendant to move to dissolve upon his filing his answer upon fuller showing, if he shall so be advised. Let the injunction issue.